# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ABNER ELIEZER DIVAS RAMIREZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, TODD BLANCHE, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, JEREMY CASEY, Warden at Imperial Regional Detention Facility,

Respondents.

No. 3:26-cv-5756-BTM-JAC

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Abner Eliezer Divas Ramirez's amended petition for a writ of habeas corpus. Petitioner, a citizen of Guatemala, arrived in the United States in 2023 when he was fifteen years old. Petitioner was taken to an immigration shelter for juveniles. Petitioner was released on parole and went to live with his aunt in Los Angeles. Petitioner was placed in removal proceedings and applied for asylum. Petitioner was taken into custody without notice or a hearing on August 26, 2026.

Petitioner claims that he is entitled to immediate release and argues that he was entitled to notice and a hearing before being re-detained. The Government acknowledges that Petitioner was previously released on parole. The Government does not, however, contend that Petitioner's parole was lawfully revoked or terminated. The Government does not claim that Petitioner is a flight risk or a danger to the community.

Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation. *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). Respondents failed to comply with these due process requirements, and thus Petitioner is entitled to be released. Petitioner is also entitled to be released because Respondents do not contend that Petitioner is a flight risk or a danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community.").

For the reasons stated, Respondents are ordered to immediately release Petitioner from custody under any preexisting conditions of release. Respondents are ordered to file a status report confirming compliance with this order no later than November 2, 2026.

Should the Government attempt to revoke Petitioner's parole in the future, it must provide the Petitioner a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole.

The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: October 30, 2026

Honorable Barry Ted Moskowitz
United States District Judge